# Exhibit A

Logout My Account Search Menu New Civil Search Refine Search Back          Location : Dakota - Case Search   Help

# REGISTER OF ACTIONS
## CASE NO. 19HA-CV-10-4816

| Michael E Barkl vs Career Education Corporation | § § § § § | Case Type: | **Contract** |
|---|---|---|---|
| | | Date Filed: | **08/03/2010** |
| | | Location: | **Dakota-Hastings - Non-Criminal** |

---

### PARTY INFORMATION

**Lead Attorneys**

| Defendant | Career Education Corporation |
| | Hoffman Estates, IL 60169 |

| Plaintiff | Barkl, Michael E | **JORDAN MATTHEW LEWIS** |
| | | *Retained* |
| | | 612-339-7131(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 08/03/2010 | **Summons and Complaint** |
|---|---|
| 08/03/2010 | **Certificate of Representation** |
| 08/03/2010 | **Affidavit of Service** |
| 08/03/2010 | **Schedule Court Trial** |

---

### FINANCIAL INFORMATION

| **Plaintiff** Barkl, Michael E | | | |
|---|---|---|---|
| Total Financial Assessment | | | 336.00 |
| Total Payments and Credits | | | 336.00 |
| **Balance Due as of 08/13/2010** | | | **0.00** |
| 08/03/2010 | Transaction Assessment | | 320.00 |
| 08/03/2010 | Transaction Assessment | | 16.00 |
| 08/03/2010 | Mail Payment        Receipt # HA19-2010-12795 | Siegel, Brill, Greupner, Duffy, and Foster, P.A. | (336.00) |

STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: 14 – Other Civil

---

**Michael E. Barkl,**

                Plaintiff,

v.

**Career Education Corporation**, a
Delaware corporation,

                Defendant.

Court File No. _____

**SUMMONS**

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

      You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint.

      Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution ("ADR") in most cases.  Notice of ADR processes will be provided by the Court Administrator after this action is filed.

Dated:   July 14, 2010              Respectfully submitted,


Jordan M. Lewis (#203099)
**Siegel, Brill, Greupner, Duffy & Foster, P.A.**
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN  55401
(ph)   612-337-6100
(f)      612-339-6591

Gregory J. Myers (#0287398)
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis MN 55401
(ph)   612-339-6900
(f)      612-339-0981

ATTORNEYS FOR PLAINTIFF


## ACKNOWLEDGMENT

The undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the party against whom the allegations in this pleading are asserted for the violation of Minn. Stat. § 549.211, subd. 2.

By:

Jordan M. Lewis

2

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT
                                                      Case Type: 14 – Other Civil

---

**Michael E. Barkl,**                          Court File No. _____

        Plaintiff,

v.                                                    **COMPLAINT**

**Career Education Corporation,** a
Delaware corporation,

        Defendant.

---

      Plaintiff Michael E. Barkl brings this action against defendant Career Education

Corporation and alleges to the best of his knowledge, information and belief, formed

after an inquiry reasonable under the circumstances, as follows:

### Nature of the Action

      1.     This is a lawsuit directed at a fraudulent scheme through which Career

Education Corporation, a for-profit institution that holds itself out as a vocational

education provider, induced the plaintiff to enroll in its Le Cordon Bleu College of

Culinary Arts in Mendota Heights, Minnesota.  As part of this scheme, Career Education

Corporation grossly misrepresented Le Cordon Bleu's placement statistics and the

employment opportunities available to Le Cordon Bleu graduates.

      2.     Career Education Corporation falsely represented that admission to Le

Cordon Bleu was selective and that Le Cordon Bleu had an excellent reputation in the

food-service industry.  Together, these misrepresentations falsely described Le Cordon

Bleu as a well-regarded institution that only the best applicants could attend, that

graduated highly skilled persons whose services would be in demand, and whom employers eagerly hired in extremely high percentages.

3.    Based on these false representations, the plaintiff reasonably decided to pay the exorbitant cost of attending Le Cordon Bleu.

4.    At all relevant times, Career Education Corporation knew that the placement statistics for Le Cordon Bleu consisted primarily of low-level, low paying jobs that would never justify the cost of tuition. Career Education Corporation also knew that most of the jobs it included in its placement statistics required no vocational education. Career Education Corporation also knew that its admissions process was not selective, that it did not reject applicants unsuited to the trade, and that anyone who could pay the tuition would be admitted to Le Cordon Bleu.

5.    Touting its high job placement rates and advertising the glamour of chef jobs, Career Education Corporation failed to disclose any of these facts. Had it done so, or had it not made the misrepresentations that deliberately created the false impressions discussed above, the plaintiff would not have enrolled in or paid many thousands of dollars in tuition to Le Cordon Bleu.

6.    The plaintiff sought training that would lead to a respectable job and income opportunities. Instead, he has suffered severe economic losses as a result of defendant's misrepresentations and omissions.

### Parties

7.    Plaintiff Michael E. Barkl is an individual residing in Sioux Falls, South Dakota.

8.    Defendant Career Education Corporation is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Career Education

Corporation operates schools in over 60 cities in the United States and Europe, which have a combined average annual enrollment of approximately 90,000 students. In 2008, Career Education Corporation had net income of over $60 million. At all relevant times, Career Education Corporation has owned and operated Le Cordon Bleu College of Culinary Arts located in Mendota Heights, Minnesota.

9.     In this complaint, Career Education Corporation refers to the named defendant, and all sister, subsidiary, related, predecessor, successor and parent entities to which these allegations pertain.

Venue

10.     Venue in this court is appropriate pursuant to Minn. Stat. § 542.09 because Career Education Corporation has a place of business in Hennepin County.

Facts

11.     Plaintiff Michael Barkl grew up in Yankton, South Dakota and graduated from Yankton High School in 2001.

12.     Barkl worked in several food establishments over several years, including some time in a low-level management position as a sous chef at the Waterfront Gourmet Grille in Yankton, S.D. In approximately the summer of 2004, Barkl saw a television advertisement for the culinary program at Le Cordon Bleu. At the time, he was working as a night cook at a Perkins restaurant in Sioux Falls, South Dakota, and earning $8.25 per hour. The ad resonated with Barkl, and he pursued more information.

13.     Barkl called a telephone number included in the Le Cordon Bleu advertisement and received from Career Education Corporation a packet of information about Le Cordon Bleu.

3

14.   He then decided to visit the Mendota Heights campus where he experienced a very sophisticated sales job from Le Cordon Bleu. Barkl was persuaded that he would graduate and become a chef.

15.   He was introduced to several of the school's instructors, each wearing a spotless chef uniform.

16.   He was shown a handout advertising a "98.6" percent employment rate among recent graduates.

17.   He was shown materials listing the types of jobs enjoyed by recent graduates that emphasized relatively lucrative or prosperous positions of at least lower management, and above.

18.   He was informed that it was difficult to gain entry into the school, that there were limited spots and that the process was selective.

19.   These representations were false, and Career Education Corporation knew they were false when made. Career Education Corporation knew that only a small percentage of its graduates ever became chefs or achieved the lucrative or prosperous positions it had listed. Career Education knew that the nearly 100 percent employment rate included almost any job, including low-paying entry level restaurant jobs for which no education or special training was required. Career Education Corporation also knew that its admission process was not in the least bit selective, and depended upon an applicant's ability to pay or secure financing. Career Education Corporation also knew that its program conferred virtually no benefit to its graduates and its degree had virtually no market value.

20.   Barkl was persuaded by the foregoing misrepresentations that Le Cordon Bleu's program would provide him great advantage and signed the enrollment agreement in late August 2004 and started on August 23, 2004.

21.   As part of the enrollment process, Barkl was led to a Sallie Mae loan officer who was present on campus. Barkl qualified for a $40,000 loan, without a co-signor, and without any meaningful credit history.

22.   In addition to its false representations, Career Education Corporation also failed to disclose to Barkl material facts about its culinary program that would have influenced Barkl's decision to enroll in Le Cordon Bleu. For example, Career Education Corporation did not disclose that it admits anyone who can pay or who secures financing, that its program is not necessary for the vast majority of the jobs its students get and that most of the jobs its graduates secure are low-level, low-paying jobs for which no education or special training is needed.

23.   In this regard, Career Education Corporation's misrepresentations and omissions are systematic and uniform. The representations proceed according to outlines or scripts or talking points and Career Education Corporation intends that prospective students will rely on the representations by enrolling and securing the financing to pay tuition.

24.   After enrolling in Le Cordon Bleu and until he completed the culinary program at Le Cordon Bleu, Barkl paid to Career Education Corporation $40,000 in tuition and fees, which he financed through two student loans. Barkl's interest rate started at about 4%, but has since spiked to about 17%.

25.    The courses at Le Cordon Bleu offered very little, if any, value. His class consisted of about 56 students and only about one or two instructors. He took eight classes and each class took six weeks to complete. Barkl finished the program in November 2005.

26.    After completing the program, Barkl's education at Le Cordon Bleu offered no advantage in the market for restaurant jobs.

27.    In fact, Barkl's first job was as a fry cook in Aspen, Colorado, and he has taken different food preparation jobs since then. However, none of the jobs could be credited to a Le Cordon Bleu education. Barkl never even advanced to the low-level management status he had before enrolling in Le Cordon Bleu's program.

28.    As a result of the conduct described above, Barkl has suffered damages, including but not limited to the tuition and fees he paid to Career Education Corporation and the costs and interest associated with the student loans he took to pay the tuition, as well as the lost time and earning capacity incurred while pursuing a worthless degree.

**Claims**

**Count 1 – Consumer Fraud**
**in violation of Minn. Stat. §§ 325F.68-325F.70**

29.    Barkl incorporates the preceding paragraphs as though fully set forth.

30.    Career Education Corporation's acts, practices, misrepresentations and omissions constitute fraud, false pretense, false promise, misrepresentation as well as deceptive sales practices and dissemination of misleading information in violation of Minnesota Prevention of Consumer Fraud Statute, Minn. Stat. § 325F.69, subd. 1.

31.    Career Education Corporation engaged in such acts, practices, misrepresentations and omissions with the intent that the plaintiff would rely on such misrepresentations and omissions in connection with his enrollment in Le Cordon Bleu.

32.    The plaintiff is entitled to restitution and/or actual damages and/or equitable and injunctive relief, costs, reasonable attorney fees pursuant to Minn. Stat. § 8.31, subd. 3a.

### Count 2 – Breach of Contract

33.    Barkl incorporates the preceding paragraphs as though fully set forth.

34.    Barkl and Career Education Corporation entered into a contract through which Career Education Corporation agreed to provide Barkl education services at Le Cordon Bleu and Barkl agreed to compensate Career Education Corporation for those services.

35.    Barkl enrolled in Le Cordon Bleu and paid Career Education Corporation for education services.

36.    Career Education Corporation breached the contract

37.    Barkl has suffered damages as a result of Career Education Corporation's breach of the contract.

### Count 3 – Unjust Enrichment

38.    Barkl incorporates the preceding paragraphs as though fully set forth.

39.    As a result of its deceptive scheme to defraud the plaintiff, Career Education Corporation received tuition fees to which it is not entitled.

40.    In view of the circumstances described in this complaint [none of the rules requiring capitalization applies here] it would be inequitable for Career Education Corporation to keep the money it collected from Barkl.

7

## Count 4 – Fraud

41.     Barkl incorporates the preceding paragraphs as though fully set forth.

42.     Career Education Corporation made false representations of material fact to Barkl.

43.     Career Education Corporation knew that the representations were false when made or made them without knowledge as to their truth or falsity.

44.     Career Education Corporation made the representations with the intent that Barkl act on the representation by entering into contract with Career Education Corporation and/or paying it thousands of dollars in tuition.

45.     Barkl has suffered damage attributable to the misrepresentations.

## Count 5 – Negligent Misrepresentation

46.     Barkl incorporates the preceding paragraphs as though fully set forth.

47.     Career Education Corporation in the course of its business and its transactions with Barkl, supplied false information as guidance to Barkl.

48.     Career Education Corporation failed to exercise reasonable care or competence in obtaining or communicating the information.

49.     Barkl's justifiable reliance upon the information caused him pecuniary loss.

WHEREFORE, the plaintiff requests the following:

A.     Restitution, disgorgement, actual damages and/or equitable and injunctive relief, investigative costs, expert witness expenses, any other cost, and reasonable attorney fees for the plaintiff pursuant to Minn. Stat. § 8.31, subd. 3a; and

B.     All other relief the Court deems fair, equitable and appropriate.

8

Dated:   July 14, 2010          Respectfully submitted,

Jordan M. Lewis (#203099)
**Siegel, Brill, Greupner, Duffy & Foster, P.A.**
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN  55401
(ph)   612-337-6100
(f)      612-339-6591

Gregory J. Myers (#0287398)
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis MN 55401
(ph)   612-339-6900
(f)      612-339-0981

ATTORNEYS FOR PLAINTIFF

9

## ACKNOWLEDGMENT

The undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the party against whom the allegations in this pleading are asserted for the violation of Minn. Stat. § 549.211, subd. 2.

By: _____

Jordan M. Lewis

10

## CERTIFICATE OF REPRESENTATION AND PARTIES

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT<br>COURT FILE NO.: _____ |

### CERTIFICATE OF REPRESENTATION AND PARTIES

**\*\*(ONLY THE INITIAL FILING LAWYER/PARTY NEEDS TO COMPLETE THIS FORM)**

Date Case Filed: _____

Michael E. Barkl,                          vs.     Career Education Corporation, a Delaware
                                                   corporation,

             Plaintiff,

                                              Defendant.

      This certificate must be filed pursuant to Rule 104 of the General Rules of Practice for the District Courts, which states: "A party filing a civil case shall, at the time of filing, notify the court administrator in writing of the name, address, and telephone number of all counsel and unrepresented parties, if known (see form 104 appended to these rules). If that information is not then known to the filing party, it shall be provided to the court administrator in writing by the filing party within seven days of learning it. Any party impleading additional parties shall provide the same information to the court administrator. The court administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned."

LIST ALL LAWYERS/PRO SE PARTIES INVOLVED IN THE CASE.

| LAWYER FOR PLAINTIFF | LAWYER FOR DEFENDANT<br>(If not known, name party and address) |
|---|---|
| Michael E. Barkl | Career Education Corporation |
| *Name of Party* | *Name of Party* |
| Jordan M. Lewis (# 203099)<br>Gregory J. Myers (#0287398) | |
| *Atty Name (Not firm name)* | *Atty Name (Not firm name)* |
| Siegel, Brill, Greupner, Duffy & Foster, P.A.<br>1300 Washington Square<br>100 Washington Avenue South<br>Minneapolis, MN  55401<br><br>Lockridge Grindal Nauen P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN  55401 | 2895 Greenspoint Parkway, Suite 600<br>Hoffman Estates, IL 60169 |
| *Address* | *Address* |
| (612) 337-6100<br>(612) 339-6900 | |
| *Phone Number* | *Phone Number* |