UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael E. Barkl,

                Plaintiff,          **MEMORANDUM OPINION AND ORDER**

      v.                                             Civil No. 10-3565 ADM/JJG

Career Education Corporation,
a Delaware corporation,

                Defendant.

___

Mark H. Thieroff, Esq. and Jordan M. Lewis, Esq., Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, MN; and Gregory J. Meyers, Esq., Lockridge, Grindal, Nauen, P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Peter W. Homer, Esq., Homer Bonner, Miami, FL; and James R. Mayer, Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On November 12, 2010, the undersigned United States District Judge heard oral argument on Defendant Career Education Corporation's ("CEC") Motion to Compel Individual Arbitration and Stay Proceedings [Docket No. 2]. For the reasons set forth below, CEC's Motion is granted in part and denied in part.

## II. BACKGROUND

From August 2004 to November 2005, Plaintiff Michael E. Barkl ("Barkl") was a student at the Le Cordon Bleu Culinary Arts Academy at Brown College in Mendota Heights, Minnesota. Compl. ¶¶ 20, 25. Brown College is owned by Brown Institute, Ltd., a wholly-owned subsidiary of CEC. Def's Mem. Supp. [Docket No. 4] at 4. Barkl's Complaint alleges CEC made fraudulent misrepresentations that Barkl relied upon to his detriment. See Compl. ¶¶ 1-6. In particular, Barkl alleges that CEC deliberately misrepresented Le Cordon Bleu's

placement statistics, graduate employment opportunities, admissions selectivity and reputation in the food-service industry. Compl. ¶¶ 1-6.

Barkl signed an enrollment agreement (the "Agreement") with CEC in August 2004. Compl ¶ 20. The Agreement was printed on both sides of one legal-size sheet of paper. The back side of the Agreement included the following provision in easily legible type[1]:

> **10. Dispute Resolution**: Any disputes or controversies between the Parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career service assistance by Brown College or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the college catalog to the satisfaction of the student, *then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect* or in accordance with procedures that the parties agree to in the alternative. The Federal Arbitration Act and related federal judicial procedure shall govern this agreement to the fullest extent possible, excluding all state arbitration law, irrespective of the location of the arbitration proceedings or of the nature of the court in which any related proceedings may be brought. Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement. Any such arbitration shall take place before a neutral arbitrator in a locale near Brown College unless the Student and Brown College agree otherwise. The arbitrator must have knowledge of and actual experience in the administration and operation of postsecondary educational institutions unless the parties agree otherwise. The arbitrator shall apply federal law to the fullest extent possible in rendering a decision. The arbitrator shall have the authority to award monetary damages measured by the prevailing party's actual damages and may grant any nonmonetary remedy or relief that the arbitrator deems just and equitable and within the scope of this agreement between the parties. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, or other damages not measured by

---

[1] The Court viewed the original document at the November 12, 2010 hearing.

> the prevailing party's actual damages, or to award attorney's fees. The arbitrator also shall not have any authority to alter any grade issued to a student. The parties shall bear their own costs and expenses. The parties also shall bear an equal share of the fees and costs of the arbitration, which include but are not limited to the fees and costs of the arbitrator, unless the parties agree otherwise or the arbitrator determines otherwise in the award. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any such arbitration without the prior written consent of both parties.

Mayer Decl. [Docket No. 5], Ex. A (emphasis added).

CEC now moves to stay and compel arbitration, arguing that the dispute resolution provision of the Agreement requires Barkl to submit his claims to arbitration.

## III. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs arbitration agreements relating to transactions involving interstate commerce. The Act provides:

> A written provision . . . or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA establishes a "federal policy favoring arbitration," requiring that courts "rigorously enforce agreements to arbitrate." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (quotations omitted). "Generally, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Telectronics Pacing Sys., Inc. v. Guidant Corp.,

3

143 F.3d 428, 433 (8th Cir. 1998) (quotation omitted) (alteration in original).

Here, Barkl argues that the entire dispute resolution provision of the Agreement is invalid because it is 1) unenforceable as a contract of adhesion and 2) unconscionable. CEC responds that the Court must compel arbitration without reaching the merits of Barkl's substantive arguments because the Agreement designates the threshold issue of arbitrability to the arbitrator.

"The question of whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002); AT&T Techs., Inc. v. Commc'n Workers, 475 U.S. 643, 649 (1986). Where an agreement to arbitrate mandates arbitration in accordance with the American Arbitration Association's ("AAA") Commercial Arbitration Rules, the parties to the agreement have clearly and unmistakably agreed to assign the question of arbitrability to the arbitrator in the first instance. Fallo v. High-Tech Inst., 559 F.3d 874, 877-78 (8th Cir. 2009) (concluding that incorporation of Rule 7 of the AAA Rules "constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator"); Green v. SuperShuttle Int'l, Inc., No. 09-2129, 2010 WL 3702592, *2 (D. Minn. Sept. 13, 2010). Rule 7 of the AAA Rules provides "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or *validity* of the arbitration agreement." Rule R-7 (a) (emphasis added).

Here, the Agreement's dispute resolution provision mandates arbitration in accordance

4

with the AAA Rules[2], thereby incorporating Rule 7 into the Agreement. See Fallo, 559 F. 3d at 877-78; see also Green, 2010 WL 3702592 at *2. By incorporating Rule 7 into the Agreement, Barkl and CEC clearly and unmistakably evinced their intention to grant the arbitrator the authority to determine issues of arbitrability, including the validity of the parties' agreement to arbitrate. See Green, 2010 WL 3702592, at *2. Thus, the Court need not address whether the dispute resolution provision is invalid as an unenforceable contract of adhesion or an unconscionable agreement. Id. The parties have expressly agreed that Barkl's objections should be decided by an arbitrator rather than the Court, and the Court will therefore compel arbitration of Barkl's claims.[3]

**A. CEC's Motion to Stay**

Finally, 9 U.S.C. § 3 provides that when a suit pending in federal court is subject to arbitration, the court "shall . . . stay . . . the action until such arbitration has been had." Despite this statutory language, the majority of courts in this district have held that a stay serves no clear purpose and the action should be dismissed "where the entire controversy between the parties is subject to and will be resolved by arbitration." Jann v. Interplastic Corp., 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (collecting cases); see also Green, 2010 WL 3702592 at *4. Because the

---

[2] The Agreement does provide that the parties may agree to an alternative dispute resolution procedure, but Barkl does not argue that he and CEC agreed to an alternative procedure.

[3] Barkl also argues that his claim for injunctive relief is not subject to arbitration because injunctive relief must be issued by a court. This argument fails, as 1) the dispute resolution provision of the Agreement expressly contemplates injunctive relief, and 2) it is well-settled that arbitrators have the power to fashion equitable relief. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32 (1991); Bakas v. Ameriprise Fin. Servs., Inc., 651 F. Supp. 2d 997, 1002 (D. Minn. 2009); Mayer Decl. Ex. A.

entire dispute is subject to arbitration, the Complaint will be dismissed without prejudice.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that CEC's Motion to Compel Individual Arbitration and Stay Proceedings [Docket No. 2] is **GRANTED in part** and **DENIED in part,** and the Complaint is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 2, 2010.